UNITED STATES DISTRICT COURT

FOR THE DISTRICT EASTERN OF WASHINGTON

| | |
|---|---|
| NEIL EDWARD AKERS,<br><br>                    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Commissioner of Social Security<br><br>Administration,                 Defendant. | Case No. 2:12-cv-00212-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

This action is before the Court on Petitioner Neil E. Aker's Petition for Review (Dkt. 1), seeking reversal of the Social Security Administration's final decision to deny disability benefits, and the parties cross-motions for summary judgment. (Dkts. 15, 17). This action is brought pursuant to 42 U.S.C. § 405(g). After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying the relief sought in Akers's Petition for Review.

## ADMINISTRATIVE PROCEEDINGS

On July 23, 2009, Akers ("Petitioner" or "claimant") applied for Social Security Disability Insurance Benefits, and a Title XVI application for supplemental security income, alleging a disability onset date of February 13, 2004. At the hearing, Akers amended his alleged disability onset date to July 23, 2009. (AR 10). Akers' applications

were denied upon initial determination on February 16, 2010, and again upon reconsideration on August 20, 2010.  Administrative Law Judge ("ALJ") Moira Ausems conducted a hearing on May 12, 2011, in Spokane, Washington.  At the hearing, petitioner was represented by counsel. (AR 10) An impartial medical expert, George Weilepp, a vocational expert, Sharon Welter, and Petitioner's wife, Lisa Akers, also appeared.  At the time of the hearing, Petitioner had past relevant work as a fiberglass laminator, an aviation tech, an aircraft mechanic, and a hunting outfitter.  (AR 86-88).

On September 20, 2011, the ALJ issued her decision denying Petitioner's claim for disability.  (AR 10-20).  Petitioner timely requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on March 23, 2012, making the denial the final determination of the Commissioner. (AR 1-6) In denying Petitioner's claim, the Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act.

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even

when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

MEMORANDUM DECISION AND ORDER - 3

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id.*  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

There are three issues presented in the instant appeal: 1) whether the AJL properly evaluated Petitioner's credibility; 2) whether the ALJ's properly weighed the lay witness testimony of Petitioner's wife; and 3) if the ALJ's hypothetical to the vocational expert included all of Petitioner's limitations – specifically, occasional postural limitations.

**B.    Administrative Procedure**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

**1.    Five-Step Sequential Process**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  SGA is defined as work activity that is both substantial and gainful.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20

C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Petitioner had not engaged in SGA since July 23, 2009, the amended onset date.  (AR 12).  Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: right hip osteoarthritis post subacute acetabulum fracture and labral tear; polyarticular

joint pain possibly attributable to inflammatory spondyloarthropathy, psoriatic arthritis, and/or gout; mild bilateral sacroiliac joint spondylorarthropathy or degenerative arthritis; right foot first MCP joint arthritis; mild L3-4 degenerative disc disease with neuroforaminal narrowing; mild C3-4, C4-5, and C6-7 degenerative disc disease and spondylosis with associated cervicalgia; chronic dermatophytosis of the hands; history of testicular cancer, in remission post orchiectomy and radiation; elevated ferritin levels due to possible hemochromatosis; and hypertension.  (AR 12-13).  Petitioner does not dispute this finding by the ALJ.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *Id*.

Here, the ALJ concluded that Akers "does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments." (AR 14).  Akers disagrees with this determination, taking issue specifically with the ALJ's discounting of his subjective pain testimony and credibility determination.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

After considering the evidence presented in the administrative record and at the hearing, the ALJ determined that the Petitioner has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with a limiting factor that he be able to stand for approximately 5 minutes every hour and a restriction that he would not require frequent bilateral fingering or handling. (AR 15). The ALJ concluded that Petitioner is unable to perform any past relevant work and likewise proceeded to the fifth step of the sequential process. (AR 18).

When the claim reaches step five, the ALJ considers if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). On the fifth step, the burden shifts to the ALJ. *Id.* If the ALJ finds that claimant cannot work, then the claimant is "disabled" and entitled to disability insurance benefits. *Id.* However, if the ALJ determines that the claimant can work, the ALJ must also establish that there are a significant number of jobs

in the national economy that claimant can do in his or her condition. *Id*. "If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits." *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The ALJ can meet this burden two ways. *Id*. First, the ALJ can solicit the testimony of a vocational expert, or second, the ALJ can reference the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Id*.

The ALJ, based on the testimony of a vocational expert, concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 19). The ALJ found that Akers has the RFC to perform the full range of sedentary work. (Id.). Specifically, the ALJ determined that Petitioner is "able to perform the requirements of representative occupations such as" telemarketer, with over 12,800 jobs in the local economy, production assembler, with over 2,500 jobs in the local economy, and cashier II, with over 2,500 jobs in the local economy. (Id.). The ALJ based this determination on the testimony of a vocational expert. (Id.).

## C.    Analysis

Petitioner seeks judicial review of the denial of benefits, arguing that the ALJ erred in three respects. First, he argues that the ALJ wrongly rejected his subjective pain testimony, wrongly rejected the testimony of his wife, and erred in failing to include occasional postural limitations in the hypothetical posed to the vocational expert. (Petitioner's Brief, Dkt. 16 at 10-17).

MEMORANDUM DECISION AND ORDER - 8

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record.  Respondent directly disagrees and attempts to refute all of Petitioner's arguments.  Specifically, Respondent argues that Petitioner did not establish that he met his burden of showing he was disabled under the Act.  Respondent asserts that the ALJ properly weighed all of the medical evidence and Petitioner's own testimony, giving adequate reasons for rejecting any opinions rendered.  (Respondent's Brief, Dkt. 18 at 4-6).  Regarding the testimony of Petitioner's wife, Respondent argues that while "the ALJ did not specifically state she was not crediting Mrs. Akers' testimony, it is reasonable to infer that the ALJ was rejecting her statements based on the reasoning provided." (Id. at 7).  Finally, Respondent argues that the omission of the postural limitations from the posed hypothetical was harmless error. (Id. at 8-9.) Respondent concludes that the ALJ's conclusion was based on substantial evidence and should be affirmed

### 1.    Credibility Determination

In her decision, the ALJ did "not find all of the claimant's symptom allegations to be credible."  (AR 16).  The ALJ found that "[t]reating source medical records do not corroborate that the claimant has ever described [the] degree of extreme restriction [as he did at the hearing]." (Id.).  The ALJ took further issue with Petitioner's claim regarding standing restrictions – that they were "unsupported by clinical findings."  (Id.)  She also found Petitioner's testimony inconsistent with regarding the side effects of Tramadol, his rating of daily pain level, his work history, daily exercise, and his testimony regarding

care for his horses. (AR 16-17).  Finally, the ALJ determined Petitioner's credibility

lacking because he regularly failed to fully follow medical advice.  (Id.).

Akers first argues that the ALJ's reliance on the medical records is misplaced,

suggesting that there may be typos in the medical records.  (Petitioner's Brief, Dkt. 16 at

13).  He then argues that the evidence in the record does in fact support his pain

testimony, and "barring affirmative evidence that the claimant is malingering," his

subjective claims regarding pain testimony must be accepted.

It is beyond reasonable dispute that the ALJ must support her credibility finding

"with specific, clear and convincing reasons." *Taylor v. Comm'r of Soc. Sec. Admin.,* 659

F.3d 1228, 1234 (9th Cir. 2011). "The ALJ may consider many factors in weighing a

claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as

the claimant's reputation for lying, prior inconsistent statements concerning the

symptoms, and other testimony by the claimant that appears less than candid; (2)

unexplained or inadequately explained failure to seek treatment or to follow a prescribed

course of treatment; and (3) the claimant's daily activities.  If the ALJ's finding is

supported by substantial evidence, the court may not engage in second-guessing."

*Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). For example, "if a claimant

complains about disabling pain but fails to seek treatment, or fails to follow prescribed

treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint

unjustified or exaggerated...." *Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir. 2007).

Akers's effort to explain away his lack of credibility is unavailing. The Court's own review of the record finds no clinical findings that support Petitioner's claim that he cannot sit for 10 minutes, or that he cannot stand for more than 3 to 4 minutes without pain. His statements regarding Tramadol and his pain levels have been somewhat inconsistent. (AR 16, 65-70, 486). Further, the record contains a number of objective findings that show, for exempt, Petitioner has normal strength, normal muscle tone, and a full range of motion in the cervical spine. Finally, Akers decision to not follow recommended treatment is a valid reason to question his credibility.    *Tommasetti,* 533 F.3d at 1039.  Accordingly, the ALJ's credibility finding is clearly and convincingly supported by the record.

> 2.    **Testimony of Lisa Akers**

In the decision, the ALJ discounted the testimony of Petitioner's wife, Lisa Akers, because it was "contrary to what the claimant detailed to his doctors."  Petitioner argues that this is not a valid reason, and that this matter should be remanded for proper consideration of the lay testimony.

An ALJ must consider evidence from sources other than the claimant, including family members and friends, to show the severity of a claimant's impairment. 20 C.F.R. § 404.1513(d)(4); *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 885 (9th Cir.2006). The ALJ is required to consider competent lay testimony, but in rejecting such evidence, he must only give reasons for doing so that are "germane to [the] witness." *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008). Such reasons include conflicting

medical evidence, prior inconsistent statements, or a claimant's daily activities. *Lewis v. Apfel,* 236 F.3d 503, 511–512 (9th Cir. 2001).

The ALJ's specific findings regarding Petitioner's credibility apply equally to Mrs. Akers. As discussed above, the effects of Tramadol on Petitioner have been inconsistent. Thus, the ALJ chose to cite conflicting medical evidence as opposed to giving credit to Mrs. Akers' testimony. The Court therefore finds that the ALJ did not commit error in rejecting her statements.

### 3.    Residual Functional Capacity Determination

Petitioner finally argues that the ALJ erred in the residual functional capacity finding by failing to consider all of Akers' need for occasional postural limitations. The government concedes that this limitation should have been presented to the vocational expert, but argues that the omission of this limitation was harmless error.

An ALJ's error is harmless if, in light of the record-supported reasons supporting the adverse credibility finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054–55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

With regard to Petitioner's contention regarding postural limitation, Social

Security Rule 96-9p is instructive. It provides:

> Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.

SSR 96-9p, available at 1996 WL 374185, at *7.  Thus, it is clear that postural

limitations do not alter the occupational base of sedentary work. *Id*. Accordingly,

the omission of that restriction in the hypotheticals posed to the vocational expert

was in fact harmless and the ultimate conclusion of the Commissioner will not be

reversed or remanded on this basis.  *See Shinseki v. Sanders,* 556 U.S. 396, 409,

129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) ("[T]he burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination.")

**D.    Conclusion**

The Court concludes that the Commissioner's determination that Petitioner is not

disabled within the meaning of the Social Security Act is supported by substantial

evidence in the record and is based upon an application of proper legal standards.

Accordingly, the Court will not substitute its interpretation or judgment for that of the

ALJ in reaching his decision and the Commissioner's decision is upheld.

## ORDER

Based on the foregoing, the decision of the Commissioner is affirmed; Petitioner's Motion for Summary Judgment (Dkt. 15) is DENIED; Respondent's Motion for Summary Judgment (Dkt. 17) is GRANTED; and this action is DISMISSED in its entirety with prejudice.

DATED: January 3, 2014

Honorable Larry M. Boyle
U. S. Magistrate Judge